## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

ZIA LAND AND WATER CONSERVATION, LLC,

        Plaintiff,

     v.                              Case No. 1:21-cv-00514-KWR-JFR

MARATHON OIL PERMIAN, LLC, and
G&L TRUCKING, LLC,

        Defendants.

## ORDER REMANDING CASE

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Remand to State Court (**Doc. 13**). Having reviewed the parties' briefs and applicable law, the Court finds that the motion to remand is well-taken and **GRANTED.** This case is remanded back to the First Judicial District Court, Santa Fe County, State of New Mexico.

## BACKGROUND

This case involves state law claims over the Defendants' alleged failure to properly reclaim surface land following oil and gas operations. *See* New Mexico Surface Owner Protection Act, NMSA § 70-12-1 *et seq.*

Defendants removed this case from state court on the basis of diversity jurisdiction. Both Plaintiff and Defendant G&L are citizens of New Mexico. Despite the apparent lack of complete diversity, Defendants removed this case asserting that Defendant G&L was fraudulently joined because Plaintiff cannot state a claim against it. Plaintiff moved to remand this case for lack of diversity jurisdiction.

**DISCUSSION**

Defendants removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Although the parties are not completely diverse and diversity jurisdiction is lacking, Defendants argue that the Court in fact has diversity jurisdiction because the non-diverse Defendant G&L Trucking was fraudulently joined.  The Court concludes that Defendants failed to show that the non-diverse Defendants were fraudulently joined.  The Court therefore lacks diversity jurisdiction over this case and remands this case pursuant to 28 U.S.C. § 1447(c) to the First Judicial District Court, Santa Fe County, State of New Mexico.

**I.    Relevant Removal and Diversity Jurisdiction Standards.**

Federal courts are courts of limited jurisdiction. There is a presumption against removal jurisdiction, which the defendant seeking removal must overcome.  *See Fajen v. Found. Reserve Ins. Co*., 683 F.2d 331, 333 (10th Cir.1982); *Martin v. Franklin Capital Corp.,* 251 F.3d 1283, 1290 (10th Cir. 2001).  Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a non-diverse party fraudulently to defeat federal jurisdiction. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir.1991). The citizenship of fraudulently joined defendants "should be ignored for the purposes of assessing complete diversity." *See Dutcher v. Matheson*, 733 F.3d 980, 987-988 (10th Cir. 2013).

In evaluating a claim of fraudulent joinder, "all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co*., 683 F.2d 331, 333 (10th Cir. 1982).  In other words, the removing party "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc*., 138 F.3d 459, 461 (2d Cir. 1998)). This is a high bar for Defendants to meet, and poses a standard "more exacting than that for dismissing a claim under Fed.R..Civ.P. 12(b)(6)" and "which entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano v. Allstate Indemnity*, 211 F.3d 1278, 2000 WL 525592 at **1-2 (10th Cir. 2000).[1]  The Court must "determine whether [the plaintiff] has any possibility of recovery against the party whose joinder is questioned." *Montano v. Allstate Indem*., 211 F.3d 1278, at *1 (10th Cir. 2000); *see also Smoot v. Chicago, Rock Island & Pacific Railroad Co*., 378 F.2d 879 (10th Cir.1967) (fraudulent joinder must be "established with complete certainty upon undisputed evidence.").

The party defending removal may carry this "heavy burden" and successfully assert fraudulent joinder by demonstrating either: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013); *Black Iron, LLC v. Helm-Pacific*, 2017 WL  2623846, at *4 (D.Utah, 2017); *see also Montano v. Allstate*, 211 F.3d 1278, 2000 WL 525592 at **1-2, 4 (10th Cir. 2000) (to prove fraudulent joinder, the removing party

---

[1] Many district courts within the Tenth Circuit have referred to the standard for fraudulent joinder as requiring clear and convincing evidence.  *See Bristow First Assembly of God v. BP p.l.c.*, No. 15-CV-523-TCK-FHM, 2016 WL 5415792, at *2 n.1 (N.D. Okla. Sept. 28, 2016) (finding "no significant difference between the 'complete certainty' language in *Smoot* and the 'clear and convincing' language in other cases); *Spence v. Flynt*, 647 F.Supp. 1266, 1271 (D. Wyo.1986); *Castens v. Conseco Life Ins. Co.*, No. 11–CV–628–TCK, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1163 (D.N.M. 2015).

must demonstrate that there is "no possibility" that plaintiff would be able to establish a cause of action against the joined party in state court).

II.   **The parties are not completely diverse and Defendants failed to prove there is no possibility of a cause of action against the non-diverse Defendant.**

On its face, the complaint and notice of removal indicate a lack of diversity jurisdiction. Plaintiff and Defendant G&L Trucking are citizens of New Mexico.  Therefore, the parties are not completely diverse and this Court lacks diversity jurisdiction. Defendants argue that diversity jurisdiction exists because Plaintiff fraudulently joined the non-diverse Defendant, G&L Trucking.  Defendants assert that Plaintiff cannot assert a claim against Defendant G&L.  The Court disagree.

Plaintiff's claims arise under the New Mexico Surface Owner's Protection Act.  NMSA § 70-12-1 *et al.*  The purpose of the act is to compensate surface owners for damage to the surface caused by oil and gas operations.  The act "imposes strict liability upon oil and gas operators for surface damage caused by oil and gas operations."  *Woody Inv., LLC v. Sovereign Eagle, LLC*, 2015-NMCA-111, ¶ 10, 362 P.3d 107, 110; NMSA § 70-12-4.   The act provides that an operator "shall reclaim all the surfaces affected by the operator's oil and gas operations."  NMSA § 70-12-4(C).  The phrase oil and gas operations is defined as "all activities affecting the surface owner's land that are associated with exploration, drilling or production of oil and gas, through final reclamation of the affected surface."  NMSA § 70-12-3(A).  The legislature defined operator as "a person with the legal right to conduct oil and gas operations and includes the agents, employees and contractors of that person."  NMSA § 70-12-3(B).  The legislature defined the term reclaim to mean "substantially restore the surface affected by oil and gas

operations to the condition that existed prior to oil and gas operations, or as otherwise agreed to in writing by the operator and surface owner." NMSA § 70-12-3(C).

Plaintiff alleges that Defendant Marathon hired Defendant G&L to conduct remediation or reclamation activities. Plaintiff further alleges that Defendant G&L did not reclaim the affected land and did not restore the surface to the condition it existed prior to oil and gas operations. Plaintiff asserts that G&L failed to remove all equipment and facilities used by Marathon and failed to remove all chlorides and hydrocarbons left behind.

The plain meaning of New Mexico's SOPA statute is clear that Defendant G&L may be an operator subject to the statute and potentially liable for allegedly contaminating the surface during the process of cleaning and removing the equipment and tanks. The statute defines "operations" to include final reclamation of the affected surface. NMSA § 70-12-3(A). It also defined "operator" to include a person with the right to conduct oil and gas operations, including agents, employees, and contractors of that person. NMSA § 70-12-3(B). Here, Plaintiff alleges that Defendant Marathon hired Defendant G&L to remove and clean the equipment and tanks. As an agent or contractor of Defendant Marathon contracted to perform work associated with oil and gas operations, Defendant G&L was an "operator" within the meaning of the SOPA statute. Defendant G&L may be liable under the statute for its actions which allegedly increased the contamination of the surface. Plaintiff's allegations clearly state a claim against Defendant G&L for failure to reclaim the surface land.

Defendants argue that G&L was only hired to remove equipment and therefore it does not fall within the statute's definition of the term "operator." Plaintiff asserts that G&L performed work which includes cleaning certain oil tanks, removing oil from tanks, picking up and removing tanks, a heater, a gas separator, and relating piping from the well pad. This work was

performed to prepare the oil well to be plugged.  This is clearly "associated" with oil and gas operations. NMSA § 70-12-3(A).

Defendants also argue that G&L's operations did not affect the surface, and therefore Plaintiff cannot state a claim under the statute.  *See* NMSA 70-12-3(C) ("An operator shall reclaim all the surface *affected by* the operator's oil and gas operations.") (emphasis added). Plaintiff asserts that G&L performed work which includes cleaning certain oil tanks, removing oil from tanks, picking up and removing tanks, a heater, a gas separator, and relating piping from the well pad.  This work was performed to prepare the well to be plugged.  Plaintiff asserts that the highest concentrations of contamination are in the same area in which G&L performed its work. **Doc. 28 at 5.**  Plaintiff asserts that G&L may have further contaminated the surface in the course of washing and move the equipment and tanks.  Therefore, Plaintiff has created a fact issue whether G&L's operations affected the surface. **Doc. 28 at 5, Ex. A.**  Detailed fact dispute resolution is not appropriate in a motion to remand.

Although the Court may pierce the pleadings in deciding fraudulent joinder, "this does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with completely certainty."  *Smoot v. Chicago, R.I. & P.R. Co.,* 378 F.2d 879, 882 (10th Cir. 1967).

Here, these factual and legal disputes must be resolved in Plaintiff's favor.  *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) ("The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff."), *quoting Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 461 (2d Cir.1998); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013), *citing Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 853 (3d Cir.1992) ("[a] claim which can be dismissed only after an intricate

analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."). *Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592 (10th Cir. 2000). Therefore, Defendants have failed to show that there is no possibility of a claim against Defendant G&L.

## CONCLUSION

Defendants have not shown that Plaintiff has no possibility of stating a claim against the non-diverse Defendant, G&L Trucking. Because there is a lack of complete diversity, the Court will remand this case for a lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c) to the First Judicial District Court, Santa Fe County, State of New Mexico. The Court declines to rule on the pending motions to dismiss because it lacks jurisdiction to do so.

**IT IS THEREFORE ORDERED** that the motion to remand (**Doc. 13**) is hereby **GRANTED** for the reasons described in this Memorandum Opinion and Order; and

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the First Judicial District Court, Santa Fe County, State of New Mexico. The Clerk of Court is hereby directed to take the necessary actions to remand the case.


**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**